## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

ANASTASIA S.,

        **Plaintiff,**

                              **Case No. 1:20-cv-15195**

     **v.**                           **Magistrate Judge Norah McCann King**

KILOLO KIJAKAZI,
**Acting Commissioner of Social Security,[1]**

        **Defendant.**

### <u>OPINION AND ORDER</u>

This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of the final decision of the Commissioner of Social Security denying Plaintiff's application for Child's Disability Insurance Benefits – Survivor Claim, under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq*. This matter is now before the Court on the Acting Commissioner's Contested Motion to Remand, ECF No. 16. Plaintiff opposes the motion, Plaintiff's Opposition to Defendant's Contested Motion to Remand, ECF No. 17. For the reasons that follow, the Court grants the Commissioner's motion.

Plaintiff filed a claim for benefits under a regulation that permits a disabled adult to qualify for benefits on a deceased parent's earnings record, so long as the adult child's disability "began before he or she became twenty-two years old." 20 C.F.R. § 404.350(a)(5).  R. 225.[2] Plaintiff specifically alleged that she has been disabled since May 27, 2006 —*i.e.*, before she was

---

[1] Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted as Defendant in her official capacity. *See* Fed. R. Civ. P. 25(d).

[2] Plaintiff's mother, the wage earner, passed away in 2014. R. 16.

22 years of age—as a result of a variety of mental impairments, including ADHD. *Id*. The

application was denied initially and upon reconsideration, R. 112–116, 120–122, and Plaintiff

requested a *de novo* hearing before an Administrative Law Judge. R. 123. On February 6, 2019,

Administrative Law Judge Allard ("ALJ") held a hearing at which Plaintiff, who was represented

by counsel, testified, as did a vocational expert. R. 39–89. In a decision dated July 26, 2019, the

ALJ applied the 5-step sequential evaluation process required by 20 C.F.R. § 404.1520(a).

Specifically, the ALJ found that Plaintiff has not engaged in substantial gainful activity since her

alleged disability onset date. R. 12. The ALJ also found that Plaintiff suffers the severe

impairments of attention deficit disorder/attention deficit hyperactivity disorder (ADD/ADHD),

and a learning disorder but that her impairments neither meet nor equal an impairment listed in

20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. The ALJ further found that, despite her severe

impairments, Plaintiff has the residual functional capacity ("RFC") to perform a full range of

work at all exertional levels, but with certain non-exertional limitations. R. 12–20. Relying on

the testimony of the vocational expert, the ALJ found that this RFC would permit the

performance of jobs that exist in significant numbers in the national economy. R. 20–21.

Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social

Security Act. R. 21. That decision became the final decision of the Commissioner of Social

Security when the Appeals Council declined review on September 15, 2020. R. 1–6.

  The determinative issue in this case arises from the fact that, in reaching this conclusion,

the ALJ failed to consider that Plaintiff, as a child, was awarded Supplemental Security Income

benefits under Title XVI of the Social Security Act in 2012, based on the determination that,

since her alleged disability onset date of May 27, 2006, Plaintiff's severe ADHD satisfied Listing

112.11. *See* Initial Disability Determination, attached to Plaintiff's Contentions, ECF No. 10,

PageID# 571–76. Information regarding these benefits was not formally before the ALJ and the administrative decision makes no mention of this prior claim, although Plaintiff represented at the administrative hearing that she was continuing to receive SSI benefits.  R. 81. Indeed, documents relating to Plaintiff's SSI benefits are not included in the official transcript filed with the Court. *See* Administrative Record, ECF No. 9.

In the motion to remand, the Commissioner appears to agree that the matter should be remanded pursuant to Sentence 4 of 42 U.S.C. § 405(g), but only to

> (1) add the prior Title XVI documents to the current claim filed; (2) determine the relevance to the Title XVI documents to the Title II claim; (3) give Plaintiff the opportunity for a new hearing; and (4) take any other action needed to update the administrative record and issue a new decision.

Defendant's Contested Motion to Remand, ECF No. 16, PageID# 595–96. Plaintiff takes the position that the Commissioner's own regulations addressing collateral estoppel require remand pursuant to Sentence 4 of 42 U.S.C. § 405(g) with directions for the granting of benefits. *See generally* Plaintiff's Opposition to Defendant's Contested Motion to Remand, ECF No. 17.

Under the Commissioner's regulations, a prior favorable determination must ordinarily be adopted on a new claim relating to the same period:

> Collateral estoppel—issues previously decided. An issue at your hearing may be a fact that has already been decided in one of our previous determinations or decisions in a claim involving the same parties, but arising under a different title of the Act…. If this happens, the administrative law judge will not consider the issue again, but will accept the factual finding made in the previous determination or decision unless there are reasons to believe that it was wrong.

20 C.F.R. § 404.950(f). Moreover, the agency's Program Operations Manual System (POMS) directs that the doctrine of collateral estoppel will apply so long as the rules for determining disability have not changed and there is no reason to question the correctness of the prior determination. POMS DI27515.001.

3

Unquestionably, the ALJ should have considered Plaintiff's prior application for—and apparent grant of—SSI benefits. The parties agree that, under these circumstances, the matter must be remanded. However, the parties disagree whether, on remand, the Commissioner should be directed to take further administrative action or grant benefits outright.

A court is authorized to enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Where, as here, remand is appropriate, a decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Gilliland v. Heckler*, 786 F.2d 178, 184 (3d Cir. 1986) (quoting *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984)). An award of benefits is "especially appropriate when "further administrative proceedings would simply prolong [Plaintiff's] waiting and delay [her] ultimate receipt of benefits." *Podedworny*, 745 F.2d at 223.

This Court concludes that the matter must be remanded for further proceedings, rather than the granting of benefits, because this Court cannot be confident that the record has been fully developed. This Court does not have before it all of the actual documents relating to Plaintiff's application for SSI benefits under Title XVI of the Social Security Act. Moreover, while Plaintiff asks this Court to find that "there are [no] reasons to believe that" the prior determination was wrong, *see* 20 C.F.R. § 404.950(f), that determination is best left for resolution in the first instance by the Commissioner, whose regulations and standards are determinative. *See Evans v. Colvin*, 2015 WL 1143004, *4 (S.D. Ala. Mar. 12, 2015).

Accordingly, Defendant's Contested Motion to Remand, ECF No 16, is **GRANTED**.[3] The decision of the Commissioner is **REVERSED** and the matter is **REMANDED** to the Commissioner for further proceedings consistent with this Opinion and Order.

The Court will issue a separate final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

September 15, 2021                                    *s/ Norah McCann King*
                                                     Norah McCann King
                                                     United States Magistrate Judge

---

[3] The Court concludes that oral argument is not necessary to the resolution of the matter. Plaintiff's request for oral argument, Plaintiff's Opposition to Defendant's Contested Motion to Remand, ECF No. 17, PageID# 598, is therefore denied.